E-FILED
Monday, 13 April, 2020  11:32:12 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ANTHONY F. DePAOLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT AT LAW

Plaintiff, Anthony F. DePaolo, by and through his attorneys, KATZ NOWINSKI P.C., by the undersigned, for his Complaint at Law against the Defendant Lowe's Home Centers, LLC, states:

## COUNT I – FMLA DISCRIMINATION AND RETALIATION

1.  Plaintiff brings Count I pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq.*

2.  Anthony F. DePaolo (hereinafter "DePaolo" or "plaintiff") is and was at all times material hereto a resident of Taylor Ridge, Rock Island County, Illinois.

3.  Defendant Lowe's Home Centers, LLC, (hereinafter referred to as "Lowe's" or "defendant") is a North Carolina Limited Liability Company, in good standing with the Illinois Secretary of State, which operates a Lowe's Home Center in Moline, Rock Island County, Illinois.

4.  This court has subject matter jurisdiction pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq*, and 28 U.S.C. § 1331.

2

5.   At all times relevant to this cause of action, defendant operated a retail facility at which plaintiff worked in Moline, Rock Island County, Illinois, in the Central District of Illinois, and all relevant incidents from which this cause of action arose occurred in the Central District of Illinois; therefore, venue is proper.

6.   Pursuant to Local Rule 40.1(F), the basis for filing in the Rock Island Division is that plaintiff worked in Rock Island County, Illinois, and all relevant incidents from which this cause of action arose occurred in Rock Island County, Illinois.

7.   Plaintiff was employed by Lowe's from approximately April 28, 2010 until approximately February 25, 2019, most recently as Service Manager.

8.   Defendant at all relevant times employed over 50 persons within a 75 mile radius and therefore is an "employer" for purposes of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").

9.   DePaolo was an employee of Lowe's, who, prior to February 25, 2019, had worked more than 1,250 hours of service for Lowe's during the previous 12-month period and had been continuously employed by defendant for more than 12 months since the commencement of his employment in April, 2010.

10.  On January 20, 2016, DePaolo had requested, and Lowe's had approved, a period of leave under the FMLA from approximately February 1, 2016 through March 14, 2016 for a surgery on DePaolo's left hip (a left hip replacement).

11. On or about November 16, 2018, Lowe's approved another period of FMLA leave to begin approximately January 7, 2019, for a surgery on DePaolo's right hip.

3

12.  Specifically, DePaolo had a total right hip arthroplasty (replacement of his right hip) on or about January 9, 2019.

13. Although DePaolo was approved for leave from January 9, 2019 through April 2, 2019, he returned to work at Lowe's on or about February 25, 2019.

14.  On February 25, 2019, Plaintiff's first day returning to work from his FMLA approved leave of absence, Brian Muir, Store Manager at the Lowe's Moline, Illinois location, terminated DePaolo.

15. The decision to terminate plaintiff was based in part on DePaolo's absences for his FMLA qualifying serious health condition, namely his surgery for replacement of his right hip, as well as his taking of FMLA leave for that FMLA qualifying serious health condition.

16. DePaolo was therefore terminated from his employment with defendant for taking leave protected under the Family and Medical Leave Act.

17. Brian Muir gave a false and pre-textual stated reason for the termination, indicating that DePaolo was fired for allegedly leaving an associate alone at the store on plaintiff's last day of work, January 1, 2019 and for not setting the alarm when leaving the store on January 1, 2019.

18. The stated reasons are false and pre-textual in that DePaolo was instructed by a key-holding manager to leave on January 1, 2019 on multiple occasions because he was ill, in bad health and not capable of working and because DePaolo did not responsibility for the alarm setting nor could he set the alarm with other employees in the building and could not set an alarm in the building with other employees inside.

19. Defendant retaliated against DePaolo for exercising or attempting to exercise his rights under the Family and Medical Leave Act.

4

20. Defendant unlawfully discriminated and retaliated against Plaintiff's attempt to exercise his rights to FMLA leave in violation of 29 U.S.C. § 2615(a) by discharging the Plaintiff on February 25, 2019, because of his serious health conditions and time off work in violation of the FMLA.

21. As a proximate result of defendant's violation(s) of the FMLA, plaintiff is entitled to and seeks recovery of damages under 29 U.S.C. § 2617(a) equal to the amount of back wages that he lost from February 25, 2019 through the date of trial, an additional amount equal to the lost employment benefits including pension, retirement payments and health insurance coverage payments, interest on all amounts at the prevailing rate, liquidated damages equal to the amount of lost wages, salaries, employment benefits, and other compensatory damages and interest on that amount.

22. Pursuant to 29 U.S.C. § 2617(a)(3), DePaolo is entitled to and seeks recovery of reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action.

23. Pursuant to 29 U.S.C. § 2617, DePaolo is entitled to and seeks equitable relief in the nature of reinstatement and/or front pay.

WHEREFORE, Plaintiff Anthony F. DePaolo hereby requests this court enter judgment in his favor and against Defendant Lowe's Home Centers, LLC, in a just and reasonable amount for compensatory and liquidated damages, plus the costs of the action, and an amount equal to reasonable attorneys' fees and expert witness fees, and grant such other and further equitable relief as the court deems necessary and appropriate.

## COUNT II – DISABILITY DISCRIMINATION IN VIOLATION OF 775 ILCS 5/2-102

5

1.   Plaintiff brings Count II pursuant to the Illinois Human Rights Act for alleged disability discrimination.

2.   This Court has pendent or supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367(a).

3.   Anthony F. DePaolo (hereinafter "DePaolo" or "plaintiff") is and was at all times material hereto a resident of Taylor Ridge, Rock Island County, Illinois.

4.   Defendant Lowe's Home Centers, LLC, (hereinafter referred to as "Lowe's" or "defendant") is a North Carolina Limited Liability Company, in good standing with the Illinois Secretary of State, which operates a Lowe's Home Center in Moline, Rock Island County, Illinois.

5.   Plaintiff timely filed his charge of discrimination with the Illinois Department of Human Rights ("IDHR") on December 13, 2019, and has been issued his Right to Sue Letter by the IDHR, and has otherwise exhausted his administrative remedies.  (Exhibit 1, a true and correct copy of the "Notice of Opt Out of IDHR's Investigative and Administrative Process, and of Right to Commence an Action in Circuit Court" from the IDHR dated February 27, 2020, is attached hereto and made a part of this Complaint.)

6.   Exhibit 1 provides plaintiff, pursuant to 775 ILCS 5/7A-102(C-1), "95 days from the date of this Notice below to commence an action in the appropriate circuit court."

7.   This Complaint is filed in within 95 days of February 27, 2020.

8.   Pursuant to Section 2-101(B-1) of the Act, defendant is an "employer" as "[a]ny person employing 15 or more employees within Illinois during 20 or more calendar weeks within the calendar year of or preceding the alleged violation."

6

9.  Plaintiff was an employee as defined in 775 ILCS 5/2-101A.

10. Plaintiff was employed by Lowe's from approximately April 28, 2010 until approximately February 25, 2019, most recently as Service Manager.

11.  At all times material to this claim, plaintiff performed his job duties to the satisfaction of his employer.

12.  Plaintiff is a person with a disability or disabilities, specifically including but not limited to the following:

    a.  Prior left hip replacement;

    b.  Eye or ocular migraines resulting in previous accommodations of no use of power equipment and no elevating to heights; and

    c.  Severe pain from right hip degeneration and for which he had limited use, pain, limps, and inability to be as agile in the workplace as those who did not suffer from such disabilities.

13. Brian Muir, the decision- maker who terminated DePaolo, was aware of these disabilities and accommodations for those disabilities.

14. Knowing the extent of DePaolo's then disabilities, in the fall and into December of 2018, Brian Muir, Store Manager, inquired at what time DePaolo intended to retire.

15.  DePaolo indicated that he desired to continue to work and that he would need a medical leave of absence to have a right hip replacement surgery done beginning in January of 2019.

16. Plaintiff took the medical leave on January 1, 2019 and through February 24, 2019 with a return date of February 25, 2019.

7

17. On February 25, 2019, plaintiff's first day returning to work from his medical leave of absence, Brian Muir, Store Manager at the Lowe's Moline, Illinois location, terminated plaintiff.

18. Brian Muir gave a false and pre-textual stated reason for the termination, indicating that plaintiff was fired for allegedly leaving an associate alone at the store on plaintiff's last day of work, January 1, 2019 and for not setting the alarm when leaving the store on January 1, 2019.

19. The stated reasons are false and pre-textual in that DePaolo was instructed by a key-holding manager to leave on January 1, 2019 on multiple occasions because he was ill, in bad health and not capable of working and because DePaolo did not responsibility for the alarm setting nor could he set the alarm with other employees in the building and could not set the alarm with other employees inside the building.

20. A substantial motivating reason for plaintiff's termination was because of his disabilities.

21. .  Defendant thus discriminated against plaintiff in violation of 775 ILCS 5/2-102(A) "with respect to … discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination," specifically his disabilities.

22.  By reason of defendant's violation of 775 ILCS 5/2-102(A), plaintiff is entitled to and seeks actual damages pursuant to 775 ILCS 5/10-102(C), including but not limited to damages for back wages that he lost from February 25, 2019 through the date of trial, an additional amount equal to the lost employment benefits including pension, retirement payments and health insurance coverage payments, loss of enjoyment of life, and emotional pain and suffering in the past, present and future.

8

23. Additionally, pursuant to 775 ILCS 5/10-102(C)(2), plaintiff requests that this Court grant him reasonable attorney's fees and costs.

24. Pursuant to 775 ILCS 5/10-102(C)(1) plaintiff also seeks equitable relief in the form of permanent or preliminary injunctive relief and restraining orders enjoining defendant from engaging in such civil rights violations in the future and reinstating him to his position with full seniority and reasonable placement.

25. Plaintiff is also seeking punitive or exemplary damages pursuant to 775 ILCS 5/10-102(C)(1), which provides that the Court may award the plaintiff "actual and punitive damages."

26.  In support of awarding punitive damages, plaintiff alleges that defendants' conduct demonstrates intentional or willful misconduct or a gross indifference to, or a reckless disregard of, the public policy of this State that employees are to be free from discrimination based on disability.

WHEREFORE, Plaintiff Anthony F. DePaolo hereby requests this court enter judgment in his favor and against Defendant Lowe's Home Centers, LLC, in a just and reasonable amount for compensatory damages, plus the costs of the action, and an amount equal to reasonable attorneys' fees and expert witness fees, punitive or exemplary damages, as well as equitable relief appropriate under the circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL**

ANTHONY F. DEPAOLO, Plaintiff


By:  /s/ John F. Doak_____
John F. Doak

9

For:
KATZ NOWINSKI P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone:  309-797-3000
Fax:  309-797-2167
Email:  jdoak@katzlawfirm.com